UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFREN VALENCIA, <br><br> Plaintiff, <br><br> v. <br><br> CDCR OFFICE OF APPEALS, et al., <br><br> Defendants. | Case No. 17-CV-03438 LHK (PR) <br><br> **ORDER OF DISMISSAL WITH PREJUDICE** |

Plaintiff, a California state prisoner proceeding *pro se*, filed a second amended civil rights complaint under 42 U.S.C. § 1983. For the reasons stated below, the court dismisses the second amended complaint with prejudice.

**DISCUSSION**

A. <u>Standard of review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),

Case No. 17-CV-03438 LHK (PR)
ORDER OF DISMISSAL WITH PREJUDICE

1

(2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Prior complaints

In plaintiff's original complaint, plaintiff named as defendants: the Warden of Salinas Valley State Prison ("SVSP"), Appeals Examiner H. Liu, and Office of Appeals Chief M. Voong. Plaintiff alleged that in the winter of 2015, while housed at SVSP, there was a leak in plaintiff's cell. Maintenance workers unsuccessfully attempted to fix the leak. Correctional Officer Roque blamed plaintiff for the leak, and began punishing plaintiff by skipping over plaintiff for meals; threatening and verbally abusing plaintiff; and preventing plaintiff from attending services and rehabilitative programs. Plaintiff alleged that the inmate grievance system was inadequate because plaintiff's cell leak did not get fixed, and plaintiff's grievances regarding Correctional Officer Roque and the inadequate cell feeding system were denied.

The court issued an order dismissing the complaint with leave to amend.[1] The court informed plaintiff that his allegations against the Warden were insufficient to support a claim for individual or supervisory liability. The court further advised plaintiff that the complaint failed to allege that Appeals Examiner H. Liu or Office of Appeals Chief M. Voong caused any alleged violation. In fact, both defendants had granted plaintiff's grievances regarding the flooding, and there was no indication that H. Liu or M. Voong failed to act when either was legally required to do so. The court directed plaintiff to file an amended complaint to provide factual allegations

---

[1] This case initially was assigned to Magistrate Judge Elizabeth D. Laporte. On January 11, 2018, the case was reassigned to the undersigned.

Case No. 17-CV-03438 LHK (PR)
ORDER OF DISMISSAL WITH PREJUDICE

2

sufficient to support a claim if he so wished.

On October 17, 2017, plaintiff filed an amended complaint in which he named as defendants: California Department of Corrections and Rehabilitation ("CDCR") Office of Appeals; CDCR Office of Appeals M. Voong and H. Liu; SVSP Appeal Coordinators R. Monroy, Sr., E. Medina, Binkele; and Correctional Officers Arreola, Rojas, Cepe, and Roque. Again, the court dismissed the complaint with leave to amend.

The court informed plaintiff that it was difficult to determine whether plaintiff was raising additional claims that he was harassed and reprisals were taken against him, and/or that he was deprived of sanitary conditions, health, sleep, and feeding. Plaintiff attached as exhibits copies of his grievances that were intended to show the inadequacy of the grievance system. Plaintiff also alleged that his grievances were improperly denied even though the grievance responders knew about deprivations plaintiff suffered. The court reminded plaintiff for a second time that plaintiff must present facts showing that a defendant's actions were the actual and proximate cause of the deprivation of a federally protected right. Both plaintiff's original complaint and amended complaint failed to do so. The court concluded that plaintiff's claim of an inadequate inmate grievance system failed to state a claim for relief, and dismissed it without leave to amend. The court also dismissed from the complaint Voong, Liu, and Binkele with leave to amend, and warned plaintiff that any allegations against these appeals reviewers had to show that each of them caused or participated in a constitutional violation, rather than merely assert that they failed to grant plaintiff relief through the administrative remedy process.

C.     <u>Second amended complaint</u>

In the second amended complaint, plaintiff alleges that on March 8, 2016, Correctional Officer Pinto skipped over plaintiff when Pinto was handing out food. Sec. Am. Compl. ¶ 2. Pinto has done so several times. *Id.* Appeals coordinators did nothing to stop the skipped feedings. *Id.*

Case No. 17-CV-03438 LHK (PR)
ORDER OF DISMISSAL WITH PREJUDICE

3

Beginning on November 28, 2016, Correctional Officer Martella started screening out plaintiff's appeals. Plaintiff alleges that had Martella done his job, plaintiff would have received relief. *Id.* ¶ 5.

On January 11, 2017, Correctional Officer Roque made threats to plaintiff for flooding the tier. *Id.* ¶ 1. Roque refused to allow plaintiff to have plaintiff's laundry. *Id.* On February 10, 2017, Roque again threatened plaintiff for flooding the tier. *Id.* On May 2, 2017, when plaintiff was released to the yard, Roque stood in front of plaintiff's cell door trying to intimidate plaintiff. *Id.* According to plaintiff, Roque's behavior was extremely aggressive. *Id.* Roque's behavior "led to" plaintiff's physical assault by gang members "who were obviously helping staff" and there was "no other reason for the attack." *Id.*

On June 21, 2017, Correctional Officer Arreola entered plaintiff's cell and threatened plaintiff's safety. *Id.* ¶ 3. Plaintiff filed a grievance about Arreola's behavior but the grievance was never answered. *Id.*

On June 25, 2017, Correctional Officer Binkele improperly screened out a complaint. *Id.* ¶ 6.

An unknown Correctional Officer stated that plaintiff was attacked by the gang members because plaintiff disrespected staff. *Id.* ¶ 9.

On July 9, 2017, after plaintiff was attacked by the gang members, Correctional Officer Johnson stripped plaintiff while plaintiff was in a holding cage in front of two female nurses. *Id.* ¶ 4. Plaintiff alleges the stripping in front of females deprived plaintiff of equal treatment and human dignity. *Id.*

On December 11, 2017, Correctional Officer H. Liu did not stop the abuse as an appeals examiner. *Id.* ¶ 7. On December 12, 2017, Chief of Appeals M. Voong could have stopped the abuse but failed to give plaintiff relief. *Id.* ¶ 8.

Plaintiff alleges that all these defendants exhibited deliberate indifference to trained staff,

Case No. 17-CV-03438 LHK (PR)
ORDER OF DISMISSAL WITH PREJUDICE

4

food, safety, living conditions, harassment, and sleep which violated plaintiff's rights to the Eighth Amendment and Free Speech.

Plaintiff has failed to state a cognizable claim for relief. With regard to plaintiff's Eighth Amendment claims, case law is clear that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297).

In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Substantial deprivations of shelter, food, drinking water or sanitation for four days, for example, are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. *See id.* at 732-33.

Here, plaintiff states that Pinto skipped over plaintiff "on more than one occasion" for meals, but as currently pled, plaintiff has not provided sufficient facts from which it can be inferred that the deprivation of food was objectively or sufficiently serious to state a claim for relief. *Compare Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009) (denial of 16 meals over 23 days was "a sufficiently serious deprivation because food is one of life's basic necessities"), *and id.* at 812 n.1 (denial of 2 meals over 9-week period was not sufficiently serious to meet objective prong of Eighth Amendment deliberate indifference). In addition, there are no facts from which to infer that Pinto possessed the requisite state of mind to establish an Eighth Amendment violation. Plaintiff was already warned twice that in order to state a claim for relief, plaintiff must allege

Case No. 17-CV-03438 LHK (PR)
ORDER OF DISMISSAL WITH PREJUDICE

5

facts explaining how each defendant's actions rose to the level of a federal constitutional violation. He has not done so. Accordingly, plaintiff's claim that Pinto was deliberately indifferent to plaintiff's right to food is dismissed because it fails to state a claim for relief.

As to Martella, Binkele, Liu, and Voong, plaintiff merely alleges that, as appeals coordinators or examiners, they failed to "stop" the abuse. However, the court previously warned plaintiff that involvement in reviewing an inmate's administrative grievance, without more, does not necessarily demonstrate awareness of an alleged violation or contribute to the underlying violation. The court also previously advised plaintiff that plaintiff must show how each defendant caused or participated in the violations. Plaintiff has not done so here. Accordingly, plaintiff's claim that Martella, Binkele, Liu, and Voong violated plaintiff's Eighth Amendment right is dismissed because it fails to state a claim for relief.

In addition, plaintiff alleges that Martella violated plaintiff's right to free speech by making plaintiff censor certain words describing the facts in plaintiff's grievances. This assertion is insufficient to give defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Despite the court's warning to plaintiff that plaintiff must set forth specific facts, plaintiff does not point out to which grievance plaintiff is referring, what Martella said to "censor" plaintiff's words, or when it occurred. Accordingly, plaintiff's claim that Martella violated plaintiff's right to free speech is dismissed because it fails to state a claim for relief.

As to Roque, plaintiff alleges that Roque harassed plaintiff and blamed plaintiff for flooding the tier. However, allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008). Similarly, plaintiff alleges that Arreola entered plaintiff's cell and threatened plaintiff. However, allegations of threats are also not cognizable under Section 1983. *See Gaut v. Sunn*, 810 F.2d 923,

925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

In addition, plaintiff claims that Roque's behavior caused gang members to assault plaintiff. However, plaintiff does not explain how Roque actually or proximately caused this assault against plaintiff. Plaintiff was already warned that even at this stage, he must allege facts rather than conclusions that show that an individual was personally involved in the deprivation of plaintiff's civil rights. Because plaintiff has not done so, plaintiff's claim that Roque and Areola violated plaintiff's Eighth Amendment right is dismissed because it fails to state a claim for relief.

Finally, plaintiff claims that Johnson violated plaintiff's Eighth Amendment right when Johnson stripped plaintiff in a holding cell in front of two female nurses. Plaintiff does not specify of what basic necessities of life plaintiff was deprived, nor does plaintiff provide facts sufficient from which it can be inferred that Johnson possessed a sufficiently culpable state of mind. *See Farmer*, 511 U.S. at 832. Thus, plaintiff's Eighth Amendment claim against Johnson is dismissed because it fails to state a claim for relief.

To the extent plaintiff intended to raise a Fourth Amendment claim against bodily privacy, that claim fails as well. In *Grummett v. Rushen*, 779 F.2d 491, 494 (9th Cir. 1985), the Ninth Circuit upheld a system of assigning female officers within a correctional facility such that they occasionally viewed male inmates in various states of undress and conducted routine pat-downs of fully clothed inmates. Here, plaintiff relays one time in which he was stripped in front of two female nurses. Assigned positions of female guards that require only infrequent and casual observation, or observation at a distance, of unclothed male prisoners and that are reasonably related to prison needs are not so degrading as to warrant court interference. *See Michenfelder v. Sumner*, 860 F.2d 328, 334 (9th Cir. 1988) (concluding it was reasonable to allow female officers to observe male prisoner body cavity searches because the female officers were not routinely present for strip searches of male prisoners and any observation was from video monitors that

Case No. 17-CV-03438 LHK (PR)
ORDER OF DISMISSAL WITH PREJUDICE
7

provided only an indistinct and limited view); *see also Jordan v. Gardner*, 986 F.2d 1521, 1524-25 (9th Cir. 1993) (en banc) (privacy interest in freedom from cross-gender clothed body searches not "judicially recognized"). The issue is whether officers regularly or frequently observe unclothed inmates of the opposite sex without a legitimate reason for doing so. *See Michenfelder*, 860 F.2d at 334. There was no assertion of regularity or frequency. Accordingly, plaintiff's claim that Johnson violated his right to bodily privacy is dismissed because it fails to state a claim for relief.

Plaintiff's second amended complaint is dismissed for failure to state a claim. This is plaintiff's third attempt at stating a cognizable claim for which relief may be granted even after the court has explained the deficiencies in plaintiff's two previous complaints. Therefore, the court finds that giving plaintiff further leave to amend would be futile, and this case is dismissed with prejudice.

## CONCLUSION

Plaintiff's second amended complaint is DISMISSED with prejudice.

**IT IS SO ORDERED.**

DATED: 5/21/2018

*Lucy H. Koh*
LUCY H. KOH
UNITED STATES DISTRICT JUDGE

Case No. 17-CV-03438 LHK (PR)
ORDER OF DISMISSAL WITH PREJUDICE

8